**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1361 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000872-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1374 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000938-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1375 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000955-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| LOUIS RUSHAD CAMPBELL | : |  |
|  | : |  |
| Appellant | : | No. 1376 WDA 2022 |

Appeal from the PCRA Order Entered October 11, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000939-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: July 28, 2023**

Louis Rushad Campbell appeals from the order entered in the Blair County Court of Common Pleas on October 22, 2022, dismissing Campbell's petitions[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Campbell's counsel has filed a brief in which he concludes there are no non-frivolous issues to raise on appeal.[2] As we find

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Campbell filed separate notices of appeal under the four lower court dockets involved. We consolidated the appeals *sua sponte* as they raised identical challenges to the PCRA court's order.

[2] We note that PCRA counsel has not cited to the proper authorities in his brief to support his request to withdraw as counsel based on his finding that there are no non-frivolous issues to raise on appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)). On its own, counsel's mistake is not fatal to his application to withdraw, though, as we can nevertheless evaluate whether the brief submitted substantially satisfies **Turner/Finley** criteria. **See id**. at 819.

counsel's attempt to withdraw is deficient, we instruct counsel to correct those deficiencies before we may address this appeal on its merits.

On December 17, 2019, Campbell entered an open *nolo contendere* plea to all counts of the criminal information at the above dockets. Sentencing was deferred for preparation of a presentence investigation report. Despite being represented by counsel, Campbell filed a *pro se* motion to withdraw his guilty plea. The trial court dismissed the motion without prejudice to allow Campbell to file a counseled motion. Counsel subsequently filed a new motion to withdraw the guilty plea. The trial court denied the motion and sentenced Campbell to an aggregate term of twelve years and three months to twenty-four and one-half years' incarceration.

Campbell subsequently filed *pro se* PCRA petitions under each separate docket from December 2020 to January 2021. Counsel was appointed and filed an amended PCRA petition, followed by a second amended petition. After two evidentiary hearings, the PCRA court denied the PCRA petition on October 24, 2022. That same day, counsel filed a motion to withdraw as counsel with the PCRA court. A hearing on the motion was scheduled.

Counsel subsequently filed a notice of appeal on Campbell's behalf in order to protect Campbell's appellate rights. The PCRA court then filed an order stating it would take no further action on counsel's motion to withdraw, along with a *pro se* motion seeking counsel's withdrawal, due to the notice of appeal transferring jurisdiction to this Court. Counsel has since filed a new

motion to withdraw with this Court, along with a brief stating there are no non-frivolous issues to raise on appeal.

Before any substantive analysis, we must examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner**], and [**Finley**] … **Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wreck**, 931 A.2d 717, 721 (Pa. Super. 2007) (some citations omitted)

Here, counsel submitted a brief with this Court which concludes there are no non-frivolous issues to raise on appeal. This conclusion appears to be

based solely on the PCRA court's opinion. **See** Appellant's Brief, at 6. Counsel does not detail the extent of his review, evaluate any issues, nor even mention any issues.

In addition, while counsel included a copy of a letter sent to Campbell, there is no indication that a copy of his petition to withdraw and accompanying brief was ever sent to Campbell. On the contrary, the letter to Campbell indicated the petition to withdraw will be forthcoming but had not yet been filed. **See** Application to Withdraw As Counsel, 1/18/23, Exhibit A.

Further, "in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client [] shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." **Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016). While counsel's letter to Campbell informs Campbell of his right to proceed with or without an attorney, it is not clear that that right may be exercised immediately. **See** Application to Withdraw As Counsel, 1/18/23, Exhibit A.

Accordingly, we deny the motion to withdraw currently before us, and we direct counsel to either file an advocate's brief or a petition to withdraw that meets the requirements pursuant to **Turner/Finley** within 15 days. If counsel elects to file a petition to withdraw, he must also comply with the notice requirements of **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa.

Super. 2005), and file proof thereof with this Court. Namely, counsel must attach to the petition a copy of a letter sent to Campbell, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review, and advise Campbell that he may respond, within 30 days of counsel's letter, to counsel's brief, if he so chooses. The Commonwealth will then have 30 days to respond to anything filed by current PCRA counsel or Campbell.

PCRA counsel to file an application to withdraw within fifteen (15) days of the date this memorandum is filed and provide notice pursuant to **Turner/Finley**. Campbell may respond to the application within thirty (30) days of the date of the letter notifying him of the application to withdraw. In the alternative, PCRA counsel may file an advocate's brief within fifteen (15) days of the date of this memorandum. In either event, the Commonwealth will be permitted to file a response to such filings, by either PCRA counsel or Campbell, within thirty (30) days of the date they are filed in this Court.

Motion to withdraw denied. Panel jurisdiction retained.